FILED

September 29, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:50 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Shameeka Kelly | ) | Docket No. 2016-07-0889 |
| | ) | |
| v. | ) | State File No. 57742-2015 |
| | ) | |
| Regency Retirement Village, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims, | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded - Filed September 29, 2017

The employee, a licensed practical nurse at a nursing home, alleged injuries to her left shoulder, neck, and low back as a result of lifting and moving residents during a fire alarm. The employer initiated medical care and provided temporary disability benefits, but, after the treating physician opined the employee's complaints were not causally related to her employment, the employer denied further benefits. Following an expedited hearing, the trial court denied the additional benefits requested by the employee, concluding the employee had not presented sufficient medical proof to establish she would likely prevail at trial in proving she suffered a compensable injury. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Shameeka Kelly, Jackson, Tennessee, employee-appellant, pro se

B. Duane Willis and Connor R. Sestak, Nashville, Tennessee, for the employer-appellee, Regency Retirement Village

1

# Memorandum Opinion[1]

Shameeka Kelly ("Employee") alleges she suffered injuries to her left shoulder, neck, and low back on July 26, 2015, while evacuating residents after a fire alarm sounded at Regency Retirement Village ("Employer"). Employer initially accepted the claim as compensable and provided medical treatment and temporary disability benefits. Employee ultimately came under the care of Dr. Jason Hutchison, an orthopedic surgeon, who placed Employee at maximum medical improvement on March 10, 2017 and assigned a zero percent impairment rating. He also concluded, based in part on medical records Employer provided that predated the injury, that Employee's complaints were not causally related to her employment. Specifically, he stated in his March 10, 2017 office note that he "can not [sic] . . . relate this [injury] to workcomp [sic] due to the many factors involved," and that he had "also been recently provided more information of previous injuries and/or treatment of her neck."

Dr. Hutchison replied to a questionnaire submitted by Employer, which asked whether Employee's previous medical records revealed reports of pain and/or injury to the same body parts she alleged were injured in the July 26, 2015 incident. Dr. Hutchison agreed that those records reflected a history of complaints to the neck and low back. The questionnaire also asked whether Employee's neck and low back complaints were primarily caused by the alleged July 26, 2015 work incident, and Dr. Hutchison's response indicated they were not.

Following an expedited hearing, the trial court determined Employee had presented insufficient medical proof to establish she would likely prevail at trial in proving she suffered work-related injuries. The trial court observed that Dr. Hutchison's opinions were the only medical opinions before the court, and that Employee had presented no countervailing medical proof. The trial court declined to award the additional medical and temporary disability benefits requested, and Employee has appealed.

It is unclear from Employee's notice of appeal how she contends the trial court erred in denying the requested benefits. The notice of appeal includes the following statement of the issues or basis for relief on appeal:

> MD is signing off on C-20/Causation[.] MD [at] Family Walkin [sic] is reviewing [and] will return by week end [sic]. Date of injury is wrong affect way viewed[.] Injury in 2015 not 2016.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

It appears from the notice of appeal that Employee is requesting the trial court's order be reversed on the basis she intends to present medical proof in support of her position at some point in the future. However, no such medical proof was submitted to the trial court. If Employee were to attempt to offer such evidence on appeal, we would be precluded from considering the evidence. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

Additionally, Employee has not filed a brief, cited any authority, or made any meaningful argument on appeal addressing how she believes the trial court erred. As stated by the Tennessee Supreme Court, and as we have observed on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

For the foregoing reasons, we affirm the decision of the trial court and remand the case.

**FILED**

**September 29, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:50 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Shameeka Kelly | ) | Docket No.    2016-07-0889 |
| | ) | |
| v. | ) | State File No.  57742-2015 |
| | ) | |
| Regency Retirement Village, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of September, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Shameeka Kelly** | | X | | | X | 124 Chester Levee Rd. Jackson, TN  38301; shameeka13@yahoo.com |
| **B. Duane Willis** | | | | | X | dwillis@morganakins.com |
| **Connor R. Sestak** | | | | | X | csestak@morganakins.com |
| **Allen Phillips, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

_Matthew Salyer_

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov